UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE J. SHOMO, and all those like and similarly situated,<br><br>                                  Plaintiff,<br><br>-against-<br><br>STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL AND COMMUNITY SUPERVISION AND ITS EXECUTIVES,<br><br>                                Defendants. | ORDER OF SERVICE<br><br>21-CV-0128 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Plaintiff Jose Shomo, currently incarcerated in Fishkill Correctional Facility, brings this action under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, alleging that Defendants violated his rights. By order dated March 31, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Rule 21 of the Federal Rules of Civil Procedure**

Plaintiff names the State of New York Department of Corrections and Community Supervision (DOCCS) and its executive as the defendants in the caption of the complaint, but he fails to provide the actual names of the executives. However, in the complaint, Plaintiff names Anthony Annucci, Acting Commissioner of DOCCS; Dr. John Morley, Chief Medical Officer of DOCCS; and Dr. Gaetan Zamilus, his attending doctor at Fishkill, as the executives involved in

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the alleged violations. The Clerk of Court is therefore directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add Acting Commissioner Anthony Annucci, Dr. Morley, and Dr. Zamilus as defendants in this action. This amendment is without prejudice to any defenses that these defendants may wish to assert.

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants DOCCS, Commissioner Anthony Annucci, Dr. Morley, and Dr. Zamilus through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses

and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to add Anthony Annucci, Acting Commissioner of DOCCS; Dr. John Morley, Chief Medical Officer of DOCCS; and Dr. Gaetan Zamilus as defendants under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for DOCCS, Acting Commissioner Anthony Annucci, Dr. Morley, and Dr. Zamilus, issue summonses, and deliver all documents necessary to effect service to the U.S. Marshals Service. SO ORDERED.

Dated:   April 27, 2021
         White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York State Department of Corrections and Community Supervision
   The Harriman State Campus, Building 2
   1220 Washington Avenue
   Albany, New York 12226

2. Anthony Annucci
   Acting Commissioner, New York State DOCCS
   The Harriman State Campus, Building 2
   1220 Washington Avenue
   Albany, NY 12226-2050

3. Dr. John Morley
   Chief Medical Officer, New York State DOCCS
   The Harriman State Campus, Building 2
   1220 Washington Avenue
   Albany, New York 12226

4. Dr. Gaetan Zamilus
   Fishkill Correctional Facility
   18 Strack Drive
   Beacon, New York 12508-0307